IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STATE NATIONAL INSURANCE COMPANY, INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:12-CV-246-AT |
| v. | : | |
| | : | |
| THE ATLANTA CATTLE EXCHANGE, INC., LYNNDA WILSON, and GERALD UPTON, | : : : | |
| Defendants. | | |

## **ORDER**

This matter is before the Court on Plaintiff's Motion for Default Judgment as to The Atlanta Cattle Exchange, Inc., and Lynnda Wilson [Doc. 16], and Defendant Atlanta Cattle Exchange, Inc.'s Amended Motion to Set Aside Entry of Default [Doc. 18].[1]

### A.  **Procedural History**

Plaintiff State National Insurance Company, Inc. ("State National") filed its complaint in this declaratory judgment action on January 24, 2012. Plaintiff filed returns of service indicating that it had served Gerald Upton and Lynnda Wilson on February 1, 2012. (Returns of Service, Doc. 6-1 and 7-1.) Plaintiff filed a

---

[1] Defendant Atlanta Cattle Exchange, Inc.'s original Motion to Set Aside Default [Doc. 17] is **DENIED AS MOOT**.

Certificate of Acknowledgment from the Georgia Secretary of State indicating that the Secretary of State had received documents relating to service of process on The Atlanta Cattle Exchange, Inc., ("Atlanta Cattle") on February 14, 2012. Upon Plaintiff's motion, the Clerk entered default as to all three Defendants on March 8, 2012.

Plaintiff filed the instant motion for default judgment against Atlanta Cattle and Lynnda Wilson on June 1, 2012. Atlanta Cattle filed a motion to set aside default on June 19, 2012, claiming that State National had not properly perfected service on Atlanta Cattle via the Georgia Secretary of State due to its failure to first attempt service at Atlanta Cattle's last known address. (Mot. Set Aside Default, Doc. 17, at 2.) However, State National responded on July 2, 2012, with an affidavit showing that it had, in fact, attempted to serve Atlanta Cattle at all known addresses prior to using substituted service via the Secretary of State. (McCombs Aff., Doc. 18-1.) Atlanta Cattle then filed its Amended Motion to Set Aside Default asking the Court to excuse the default because (a) it was not willful or culpable, (b) setting aside the default will not prejudice Plaintiff, and (c) Atlanta Cattle has a meritorious defense. (Br. Supp. Am. Mot. Set Aside Default, Doc. 19-1, at 3.)

### A. Atlanta Cattle's Motion to Set Aside Default

The Court may grant relief from an entry of default under Rule 55 (c) for "good cause shown." Fed. R. Civ. P. 55(c). Good cause is a flexible standard,

requiring the Court to consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania InterAmerican Export-Import v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). In general, default judgments are disfavored, because "cases should be decided upon their merits whenever reasonably possible." *Creative Title Marketing v. SICIS Int'l*, 922 F.Supp. 1534, 1536 (S.D. Fl. 1996). Whether to enter a default judgment is within the discretion of the district court. *Id.*, citing *Hamm v. DeKalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985).

It does not appear in this instance that Atlanta Cattle's default was culpable or willful. Atlanta Cattle has provided an affidavit of Harry E. Peaden, Jr., Chief Executive Officer and registered agent of Atlanta Cattle, attesting that he had not received personal service in this matter and was unaware until State National filed the McCombs affidavit that State National had attempted to serve Atlanta Cattle at the 10 Celebration Way address. (Peaden Aff. ¶¶ 5-6.) Atlanta Cattle is correct that prior to the July 2, 2012, filing of the McCombs Affidavit, Atlanta Cattle had not made clear on the record that it had attempted service on Atlanta Cattle directly prior to making substitute service on the Secretary of State.

Further, Plaintiff has not been prejudiced by the delay. The delay in the filling of Atlanta Cattle's answer does not jeopardize the Plaintiff's ability to carry out the necessary discovery and move the case forward. Defendant moved

3

promptly, seeking to cure the mistake before the Court had ruled on Plaintiff's motion for default judgment. *Cf. Almacen Boyaca CIA, LTDA. v. Gran Golfo Express*, 771 F. Supp. 354, 357 (S.D. Fl. 1991) (motion to set aside a default was untimely when filed ten months after the answer was due, five months after service of the default and motion for final default judgment).

On the issue of whether Atlanta Cattle has presented a meritorious defense, the Court finds that the denials and responses in its recently filed answer and the Peaden Affidavit present a sufficient level of detail to weigh in favor of allowing its defense to proceed. *See Widmer-Baum v. Chandler-Halford*, 162 F.R.D. 545, 557 (N.D. Iowa 1995); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2697 (3d Ed. 1998).

For the foregoing reasons, the Court **GRANTS** Atlanta Cattle's amended motion to set aside default [Doc. 19] and **DENIES** Plaintiff's motion for default judgment against Atlanta Cattle [Doc. 16].

### B.    Motion for Default Judgment Against Lynnda Wilson

When a party against whom judgment is sought fails to defend its case, "the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk enters default against a party, that party is deemed to have admitted its liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("The effect of a default judgment is that the defendant 'admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting

on appeal the facts thus established.'"). Under Rule 55(b)(1), the clerk will enter a default judgment if the plaintiff files an affidavit showing the amount due and if the amount due is certain or can be determined by computation. *See also SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). In all other cases, a party must move the Court for default judgment under Rule 55(b)(2). In evaluating a motion for default judgment, the Court must determine whether the facts of the case, or the well-pled complaint in a case where the defendant never appears, support finding the party in technical default liable. *Buchanan*, 820 F.2d at 361.

However, the Court may delay entering default judgment as to one defendant when there is a risk of inconsistent judgments with regard to other similarly situated non-defaulting defendants. *See Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) ("even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits"); C. Wright & A. Miller, *Federal Practice and Procedure*, § 2690; 6 Moore, *Federal Practice*, ¶ 55.06. A default judgment against Lynnda Wilson declaring that the State National policy provides no coverage for her injuries arising out of the August 3, 2011, incident would be inconsistent with a judgment in favor of Atlanta Cattle that the policy does provide such coverage.[2]

---

[2] Ms. Wilson was an employee or independent contractor of Atlanta Cattle when the incident occurred for which State National now seeks a declaration regarding coverage.

5

Accordingly, the Court **STAYS** Plaintiff's motion for default judgment against Lynnda Wilson [Doc. 16]. Plaintiff may renew its motion for default judgment against Wilson after a final judgment is entered as to the non-defaulting defendants.

**C.   Conclusion**

In summary, the Court **DENIES AS MOOT** Atlanta Cattle's motion to set aside default [Doc. 17]; **GRANTS** Atlanta Cattle's amended motion to set aside default [Doc. 19]; **DENIES** Plaintiff's motion for default judgment against Atlanta Cattle [Doc. 16]; and **STAYS** Plaintiff's motion for default judgment against Lynnda Wilson [Doc. 16].

It is so **ORDERED** this 16th day of August, 2012.

_____
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE